**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEMETRIUS WILLIAMS,** | : | **CIVIL ACTION NO. 1:20-CV-748** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF PA, THE** | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PA, SUPERINTENDENT** | : | |
| **SCI-ROCKVIEW, DISTRICT** | : | |
| **ATTORNEY OF LYCOMING COUNTY,** | : | |
| | : | |
| **Respondents** | : | |

## MEMORANDUM

Petitioner Demetrius Williams ("Williams") filed the instant petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence

imposed in the Court of Common Pleas of Lycoming County, Pennsylvania.  (Doc.

1).  For the reasons set forth below, the court will dismiss the petition as untimely.

**I.      Factual Background & Procedural History**

On October 30, 2014, a jury convicted Williams of statutory sexual assault,

aggravated indecent assault without consent, aggravated indecent assault—

complainant less than 16 years of age, indecent assault without consent, indecent

assault—complainant less than 16 years of age, sexual assault, and intimidation of a

witness or victim.  Commonwealth v. Williams, https://ujsportal.pacourts.us,

electronic docket number CP-41-CR-0000681-2014 (Ct. Com. Pl. Lycoming Cnty.).

On April 9, 2015, the trial court sentenced Williams to an aggregate sentence of 7½

to 16 years' imprisonment.  Id.  Williams filed a timely post-sentence motion.  (Doc.

13-1 at 75-100).  On August 13, 2015, the trial court denied the motion.  (Id. at 101-

116).  Williams then filed a direct appeal.  (Id. at 121-145).  On April 26, 2016, the

Pennsylvania Superior Court affirmed the judgment of sentence.  (Id. at 147-154,

Commonwealth v. Williams, 145 A.3d 794, 1492 MDA 2015 (Pa. Super. April 26,

2016)).  Williams filed a petition for allowance of appeal with the Pennsylvania

Supreme Court.  On October 4, 2016, the Pennsylvania Supreme Court denied the

petition for allowance of appeal.  (Id. at 156, Commonwealth v. Williams, 370 MAL

2016 (Pa. Oct. 4, 2016)).  Williams did not file a petition for a writ of certiorari with

the United States Supreme Court.

On December 9, 2016, Williams filed a *pro se* petition for post-conviction

collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS.

STAT. §§ 9541-46.  See Williams, CP-41-CR-0000681-2014.  The PCRA court

subsequently appointed counsel to represent Williams.  However, on May 16, 2017,

PCRA counsel filed a Turner/Finley no-merit letter and a motion to withdraw as

counsel.  (Doc. 13-1 at 157-194).  On October 19, 2017, the PCRA court granted the

motion to withdraw as counsel.  (Id. at 195-207).  On December 11, 2017, the PCRA

court dismissed the petition.  (Id. at 208).  Williams filed an appeal with the

Pennsylvania Superior Court.  On October 10, 2018, the Pennsylvania Superior

Court affirmed the order denying the PCRA petition.  (Id. at 211-215,

Commonwealth v. Williams, 121 MDA 2018, 2018 WL 4907602 (Pa. Super. Oct. 10,

2018)).  Williams did not file a petition for allowance of appeal with the

Pennsylvania Supreme Court.

On May 3, 2020, Williams filed the instant federal habeas petition.  (Doc. 1).

The matter is fully briefed and ripe for disposition.

## II.   <u>**Discussion**</u>

The court shall "entertain an application for a writ of habeas corpus in behalf

of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed

under the stringent standards set forth in the Antiterrorism and Effective Death

Penalty Act of 1996 ("ADELA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

<u>See</u> 28 U.S.C. § 2244(d)(1).  Specifically, a state prisoner requesting habeas corpus

relief pursuant to § 2254 must adhere to a statute of limitations that provides, in

relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of a
> State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the
> > conclusion of direct review or the expiration of the time
> > for seeking such review;
> . . .
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); <u>see</u> <u>Jones v. Morton</u>, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does

not become final until appeals have been exhausted or the time for appeal has

expired.  <u>See</u> <u>Nara v. Frank</u>, 264 F.3d 310, 314 (3d Cir. 2001).

Williams was sentenced on April 9, 2015.  He filed a direct appeal, and, on April 26, 2016, the Pennsylvania Superior Court affirmed the judgment of sentence. Williams' judgment of sentence became final on or about January 3, 2017, at the expiration of the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court.  See 42 PA.C.S. § 9545(b)(3).  The one-year period for the statute of limitations commenced running as of that date.  Hence, the federal petition, which was filed on May 3, 2020, is patently untimely.  However, the court's analysis does not end here; consideration of statutory and equitable tolling, and the actual innocence exception, must be undertaken.

A.   **Statutory Tolling**

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Here, the statute of limitations began running on January 3, 2017 and, absent any tolling, would expire on or about January 3, 2018.  However, when Williams filed his PCRA petition on December 9, 2016, the AEDPA's filing period was statutorily tolled, with the entire one-year filing period remaining.  The statute remained tolled until November 9, 2018, after the expiration of the thirty-day time period to file a petition for allowance of appeal with the Pennsylvania Supreme Court.  The 365 days remaining in which to file his federal petition expired on November 11, 2019.  As a result, absent equitable tolling or the applicability of the actual innocence exception, Williams' federal habeas petition filed on May 3, 2020, is nearly six months late.

4

### B.    Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims.  See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.  See LaCava, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll."  Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the

5

steps that the party needs to take to preserve a claim.  See Jones, 195 F.3d at 159;

Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Williams presents no evidence to account for the delay in seeking relief in

federal court.  (See Docs. 1, 15).  Nor does he indicate that extraordinary

circumstances obstructed his pursuit of post-conviction relief.  Therefore, there is

no basis to equitably toll the AEDPA statute of limitations.

### C.    Actual Innocence Claim

A claim of actual innocence may serve as both an exception to procedural

default and as an equitable exception to the statute of limitations.  See McQuiggin v.

Perkins, 569 U.S. 383, 391-92 (2013); Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir.

2004).  In McQuiggin, the Supreme Court reaffirmed that there is an "equitable

exception" to the statute of limitations applicable to habeas claims, but "only when

the petitioner presents new evidence that 'shows it is more likely than not that no

reasonable juror would have convicted the petitioner.'"  Gore v. Crews, 720 F.3d

811, 817 (11th Cir. 2013) (quoting McQuiggin, 569 U.S. at 395).  Thus, actual

innocence, if proved, serves as a gateway through which a petitioner may pass

when faced with procedural impediments such as the expiration of the statute of

limitations.  McQuiggin, 569 U.S. at 386.  The Supreme Court emphasized, however,

the demanding nature of the test for permitting the gateway to open: "The gateway

should open only when a petition presents 'evidence of innocence so strong that a

court cannot have confidence in the outcome of the trial unless the court is also

satisfied that the trial was free of nonharmless constitutional error.'"  McQuiggin,

569 U.S. at 401 (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)).  For the actual

6

innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." Schlup, 513 U.S. at 324.  The limited nature of this exception is underscored by the Court's explicit observation that "tenable actual-innocence gateway pleas are rare." McQuiggin, 569 U.S. at 386.

Williams does not appear to dispute that his federal habeas petition is facially untimely.  Instead, Williams argues that there is exculpatory evidence that would establish his innocence, namely DNA laboratory test results.  (Docs. 15, 21, 21-1). Fatal to the instant petition, actual innocence claims focus on "new" evidence— "relevant evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327-28.  Williams has not produced any new evidence.  To the contrary, the DNA evidence was available during the state court proceedings.  At trial, counsel entered into a stipulation regarding physical evidence that was obtained from the victim, including underwear belonging to the victim.  (Doc. 13-1 at 20, Jury Trial Notes of Transcript ("N.T."), 10/30/14, at 73-76).  The parties stipulated that the Pennsylvania State Police lab found that there was spermatozoa in the victim's underwear, they tested the victim's underwear for DNA, but "there was no interpretable result based upon their testing of the DNA." (Id. at 20, N.T. 74:18-24). Evidence is not "new" if it was available at trial.  Hubbard, 378 F.3d at 340-41 (stating that petitioner's allegation of actual innocence is "nothing more than a repackaging of the record as presented at trial" and thus he could not show that it is

more likely than not that no reasonable juror would have convicted him in light of the new evidence).

Because Williams' case is not one of those rare instances which presents new reliable evidence that was not previously available, he cannot overcome the time-bar based on the actual innocence exception.

## III.   <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition of this case debatable.  Accordingly, a COA will not issue.

**IV.**   **Conclusion**

The court will dismiss the petition for writ of habeas corpus filed pursuant to

28 U.S.C. § 2254 as untimely.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      August 6, 2021